```
1  McGREGOR W. SCOTT
   United States Attorney
2  KRISTIN S. DOOR, SBN 84307
   Assistant U.S. Attorney
3  501 I Street, Suite 10-100
   Sacramento, California 95814
4  Telephone: (916) 554-2723

5  Attorneys for Plaintiff
   United States of America
6
7
8              IN THE UNITED STATES DISTRICT COURT

9            FOR THE EASTERN DISTRICT OF CALIFORNIA

10
11 UNITED STATES OF AMERICA,    )   2:06-CV-01134-WBS-GGH
                                )
12           Plaintiff,         )   STIPULATION FOR EXPEDITED
                                )   SETTLEMENT BETWEEN PLAINTIFF
13      v.                      )   UNITED STATES OF AMERICA AND
                                )   COUNTRYWIDE HOMES LOANS, INC.
14 REAL PROPERTY LOCATED AT 604 )   AND MORTGAGE ELECTRONIC
   WREN COURT, ROSEVILLE,       )   REGISTRATION SYSTEMS, INC. AND
15 CALIFORNIA, PLACER COUNTY,   )   ORDER THEREON
   APN: 469-070-025, INCLUDING  )
16 ALL APPURTENANCES AND        )
   IMPROVEMENTS THERETO,        )
17                              )
             Defendant.         )
18 _____)
```

IT IS HEREBY STIPULATED by and between plaintiff United States of America and claimant Countrywide Home Loans, Inc.[1] and Mortgage Electronic Registration Systems, Inc. (hereafter "Countrywide"), through their respective counsel of record, that Countrywide has a valid pre-existing mortgage lien on the defendant real property described in this Stipulation, which is

---

[1] Realty Mortgage Corporation, doing business in California as Mylor Financial originated a second position loan secured by the defendant real property. MERS was named the nominee for the lender on the deed of trust. Mylor Financial released the second position loan to claimant Countrywide, who is now servicing the loan.

1

not contested by plaintiff.

Plaintiff United States of America and claimant Countrywide further stipulate that:

1. Any violation of 21 U.S.C. § 881(a)(7) involving the defendant property located at 604 Wren Court, Roseville, California, Placer County, APN: 469-070-025, occurred without the knowledge and consent of Countrywide.

2. Plaintiff United States agrees that upon entry of a Final Judgment of Forfeiture in favor of the United States, plaintiff, through the United States Marshals Service or its agent(s), shall undertake to sell the defendant real property in a commercially reasonable manner and to sell said property for fair market value (the "Purchase Price"). The following costs and expenses of sale shall be deducted from the Purchase Price and paid directly out of escrow in the following order:

(a) First, the costs incurred by the United States Marshals Service to the date of close of escrow, including the cost of posting, service, advertising, and maintenance;

(b) Second, to the Placer County Tax Collector (for real property taxes) of all real property taxes assessed and unpaid against the defendant real property prorated to the date of entry of the Final Judgment of Forfeiture;

(c) Third, the costs and expenses associated with the sale of the defendant real property.

(d) Fourth, any county transfer taxes.

(e) Fifth, to Mortgage Electronic Registration Systems, Inc. as the beneficial holder of the deed of trust encumbering the defendant real property in the first priority

1 position, as nominee for the Lender, Realty Mortgage Corporation,
2 doing business in California as Mylor Financial.

3      (f)  Sixth, to Countrywide as follows:

4         (i)  all unpaid principal due to Countrywide under
5 the Promissory Note dated December 11, 2003, in the original
6 principal amount of $67,500.00, a true and correct copy of which
7 is attached hereto as Exhibit "A" ("Note"), and which is secured
8 by a Deed of Trust dated December 11, 2003, recorded December 22,
9 2003, as instrument number 2003-0209733 of the Official Records
10 of Placer County, California ("Deed of Trust"), a true and
11 correct copy of which is attached hereto as Exhibit "B".  As of
12 March 28, 2007, the principal amount owed to Countrywide pursuant
13 to the Note was $65,870.88.

14         (ii)  all unpaid interest due as of the date of
15 the closing of the sale of the defendant real property at the
16 contractual (not default) rate under the above-referenced Note
17 and Deed of Trust until the date of payment;

18         (iii) all fees, costs, and advances, including but
19 not limited to reasonable attorney fees, prepayment fees, taxes
20 and hazard insurance as provided under the terms of the Note and
21 Deed of Trust.

22   3.  The payment to Countrywide shall be in full settlement
23 and satisfaction of any and all claims by Countrywide to the
24 defendant real property and all claims resulting from the
25 incidents or circumstances giving rise to this lawsuit.

26   4.  Upon payment in full as set forth in ¶ 2(f)(i)-(iii),
27 above, claimant Countrywide agrees to reconvey its interest to
28 the United States via recordable documents and cause those to be

recorded, and to release and hold harmless the United States, and any agents, servants, and employees of the United States, (or any state or local law enforcement agency) acting in their individual or official capacities, from any and all claims by Countrywide and its agents which currently exist or which may arise as a result of the government's action against the property.

5.  In the event it is determined that the proceeds in the sale of the defendant real property would be insufficient to pay Countrywide in full as set forth in ¶ 2(f)(i)-(iii), above, after the disbursements described in ¶ 2 (a)-(e) here in above are made, the plaintiff United States agrees to release its interest in the defendant real property and consent to the exercise of Countrywide's state law rights to foreclose upon its deed of trust which secures the obligation to Countrywide.  Plaintiff shall not enter into a binding agreement to sell the defendant real property unless the proceeds of such sale are sufficient to pay Countrywide in full as set forth in ¶ 2(f)(i)-(iii), unless Countrywide otherwise consents in writing.

6.  Claimant Countrywide agrees not to pursue against the United States any other rights that it may have under the mortgage instrument, including, but not limited to, the right to initiate a foreclosure action without the consent of the United States Attorney's Office or this Court.

7.  Claimant Countrywide agrees to notify the United States Attorney at the end of the first payment cycle in which a payment in not made under the terms specified in the security instrument and promissory note.  Claimant further agrees to join any government motions for interlocutory or stipulated sale of the

4

1 defendant real property if the proceeds of such sale will be
2 sufficient to pay Countrywide in full as set forth in ¶ 2(f)(i)-
3 (iii), and any motions to remove occupants from the property for
4 nonpayment of mortgage or rent, destruction of property, or other
5 just cause.

6     8.   Claimant Countrywide understands and agrees that by
7 entering into this stipulation of its interests in the defendant
8 real property, it waives any rights to further litigate against
9 the United States and its interest in the defendant real property
10 and to petition for remission or mitigation of the forfeiture.
11 Unless otherwise provided by this Stipulation or specifically
12 directed by order of this Court, Countrywide is hereby excused
13 and relieved from further participation in this action.

14     9.   Countrywide understands and agrees that the United
15 States reserves the right to void the expedited settlement
16 agreement if, before payments of the mortgage or lien, the U.S.
17 Attorney obtains new information indicating that the mortgagee or
18 lien holder is not an "innocent owner" or "bona fide purchaser"
19 pursuant to applicable forfeiture statutes.  The U.S. Attorney
20 also reserves the right, in its discretion, to terminate the
21 forfeiture at any time and release the subject property.  In
22 either event, the United States shall promptly notify the
23 mortgagee or lien holder of such action.  A discretionary
24 termination of forfeiture shall not be a basis for any award of
25 fees under 28 U.S.C. § 2465.

26     10.  The parties agree to execute further documents, to the
27 extent necessary, to convey clear title to the defendant real
28 property to the United States and to further implement the terms

of this stipulation.

11. The terms of this Stipulation are contingent upon forfeiture of the defendant real property to the United States and the Court's entry of a Final Judgment of Forfeiture.

Dated: April 17, 2007        McGREGOR W. SCOTT
                             United States Attorney


                             /s/ Kristin S. Door
                             KRISTIN S. DOOR
                             Assistant Unites States Attorney
                             Attorney for Plaintiff


Dated: April 17, 2007

                             /s/ David A. Brooks
                             DAVID A. BROOKS
                             Attorneys for Claimants
                             Countrywide and MERS

                             (Original signature retained
                             by plaintiff's attorney)

ORDER

This Stipulated Expedited Settlement is hereby APPROVED.

Dated:  April 18, 2007

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

6