1  McGREGOR W. SCOTT
   United States Attorney
2  KRISTIN S. DOOR, SBN 84307
   Assistant U.S. Attorney
3  501 I Street, Suite 10-100
   Sacramento, California 95814
4  Telephone: (916) 554-2723

5  Attorneys for Plaintiff
   United States of America

                    IN THE UNITED STATES DISTRICT COURT

                   FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | 2:06-CV-01134-WBS-GGH |
| | ) | |
| Plaintiff, | ) | *AMENDED* STIPULATION AND ORDER |
| | ) | EXPEDITED SETTLEMENT BETWEEN |
| v. | ) | PLAINTIFF UNITED STATES OF |
| | ) | AMERICA AND MORTGAGE |
| REAL PROPERTY LOCATED AT 604 | ) | ELECTRONIC REGISTRATION |
| WREN COURT, ROSEVILLE, | ) | SYSTEMS, INC. |
| CALIFORNIA, PLACER COUNTY, | ) | |
| APN: 469-070-025, INCLUDING | ) | |
| ALL APPURTENANCES AND | ) | |
| IMPROVEMENTS THERETO, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

    IT IS HEREBY STIPULATED by and between plaintiff United States of America and claimant Mortgage Electronic Registration Systems, Inc. (hereafter MERS)[1] through their respective counsel of record, that MERS has a valid pre-existing mortgage lien on the defendant real property described in this Stipulation, which

---

[1] The United States entered into a similar stipulation with Countrywide Home Loans, Inc. and Mortgage Electronic Registration Systems, Inc. ("MERS") in connection with a **second-position** loan secured by the defendant real property. MERS was named the nominee for the lender on the second-position deed of trust. The instant stipulation with MERS relates to a **first-position** loan in which MERS was named the nominee for the lender on the **first-position** deed of trust.

1

1 is not contested by plaintiff.

2     Plaintiff United States of America and claimant MERS further
3 stipulate that:

4     1.   Any violation of 21 U.S.C. § 881(a)(7) involving the
5 defendant property located at 604 Wren Court, Roseville,
6 California, Placer County, APN: 469-070-025, occurred without the
7 knowledge and consent of MERS.

8     2.   Plaintiff United States agrees that upon entry of a
9 Final Judgment of Forfeiture in favor of the United States,
10 plaintiff, through the United States Marshals Service or its
11 agent(s), shall undertake to sell the defendant real property in
12 a commercially reasonable manner and to sell said property for
13 fair market value (the "Purchase Price").  The following costs
14 and expenses of sale shall be deducted from the Purchase Price
15 and paid directly out of escrow in the following order:

16         (a)   First, the costs incurred by the United States
17 Marshals Service to the date of close of escrow, including the
18 cost of posting, service, advertising, and maintenance;

19         (b)   Second, to the Placer County Tax Collector (for
20 real property taxes) of all real property taxes assessed and
21 unpaid against the defendant real property prorated to the date
22 of entry of the Final Judgment of Forfeiture;

23         (c)   Third, the costs and expenses associated with the
24 sale of the defendant real property.

25         (d)   Fourth, any county transfer taxes.

26         (e)   Fifth, to MERS as the nominee for the lender of
27 the deed of trust encumbering the defendant real property in the
28 first priority position, as follows:

1               (i)  all unpaid principal due to MERS under the
2  Promissory Note dated December 11, 2003, in the original
3  principal amount of $236,250.00, a true and correct copy of which
4  is attached hereto as Exhibit "A" ("Note"), and which is secured
5  by a Deed of Trust dated December 11, 2003, recorded December 22,
6  2003, as instrument number 2003-0209726 of the Official Records
7  of Placer County, California ("Deed of Trust"), a true and
8  correct copy of which is attached hereto as Exhibit "B".  As of
9  June 12, 2007,  the principal amount owed to MERS pursuant to the
10 Note was $235,704.84.
11              (ii)  all unpaid interest due as of the date of
12 the closing of the sale of the defendant real property at the
13 contractual (not default) rate under the above-referenced Note
14 and Deed of Trust until the date of payment;
15              (iii) all fees, costs, and advances, including but
16 not limited to reasonable attorney fees, prepayment fees, taxes
17 and hazard insurance as provided under the terms of the Note and
18 Deed of Trust.
19         (f)  Sixth, to Countrywide Home Loans, Inc. and
20 Mortgage Electronic Registration Systems, Inc., in accordance
21 with the terms of the Stipulation for Expedited Settlement
22 between Plaintiff United States of American and Countrywide Home
23 Loans, Inc. and Mortgage Electronic Registration Systems, Inc.,
24 filed herein on April 19, 2007.
25    3.   The payment to MERS shall be in full settlement and
26 satisfaction of any and all claims by MERS to the defendant real
27 property and all claims resulting from the incidents or
28 circumstances giving rise to this lawsuit.

4. Upon payment in full as set forth in ¶ 2(e)(i)-(iii), above, claimant MERS agrees to reconvey its interest to the United States via recordable documents and cause those to be recorded, and to release and hold harmless the United States, and any agents, servants, and employees of the United States, (or any state or local law enforcement agency) acting in their individual or official capacities, from any and all claims by MERS and its agents which currently exist or which may arise as a result of the government's action against the property.

5. In the event it is determined that the proceeds in the sale of the defendant real property would be insufficient to pay MERS in full as set forth in ¶ 2(e)(i)-(iii), above, after the disbursements described in ¶ 2 (a)-(d) here in above are made, the plaintiff United States agrees to release its interest in the defendant real property and consent to the exercise of MERS's state law rights to foreclose upon its deed of trust which secures the obligation to MERS.  Plaintiff shall not enter into a binding agreement to sell the defendant real property unless the proceeds of such sale are sufficient to pay MERS in full as set forth in ¶ 2(e)(i)-(iii), unless MERS otherwise consents in writing.

6. Claimant MERS agrees not to pursue against the United States any other rights that it may have under the mortgage instrument, including, but not limited to, the right to initiate a foreclosure action without the consent of the United States Attorney's Office or this Court.

7. Claimant MERS agrees to notify the United States Attorney at the end of the first payment cycle in which a payment

4

1 in not made under the terms specified in the security instrument
2 and promissory note.  Claimant further agrees to join any
3 government motions for interlocutory or stipulated sale of the
4 defendant real property if the proceeds of such sale will be
5 sufficient to pay MERS in full as set forth in ¶ 2(e)(i)-(iii),
6 and any motions to remove occupants from the property for
7 nonpayment of mortgage or rent, destruction of property, or other
8 just cause.
9      8.   Claimant MERS understands and agrees that by entering
10 into this stipulation of its interests in the defendant real
11 property, it waives any rights to further litigate against the
12 United States and its interest in the defendant real property and
13 to petition for remission or mitigation of the forfeiture.
14 Unless otherwise provided by this Stipulation or specifically
15 directed by order of this Court, MERS is hereby excused and
16 relieved from further participation in this action.
17      9.   MERS understands and agrees that the United States
18 reserves the right to void the expedited settlement agreement if,
19 before payments of the mortgage or lien, the U.S. Attorney
20 obtains new information indicating that the mortgagee or lien
21 holder is not an "innocent owner" or "bona fide purchaser"
22 pursuant to applicable forfeiture statutes.  The U.S. Attorney
23 also reserves the right, in its discretion, to terminate the
24 forfeiture at any time and release the subject property.  In
25 either event, the United States shall promptly notify the
26 mortgagee or lien holder of such action.  A discretionary
27 termination of forfeiture shall not be a basis for any award of
28 fees under 28 U.S.C. § 2465.

1    10.  The parties agree to execute further documents, to the
2 extent necessary, to convey clear title to the defendant real
3 property to the United States and to further implement the terms
4 of this stipulation.
5    11.  The terms of this Stipulation are contingent upon
6 forfeiture of the defendant real property to the United States
7 and the Court's entry of a Final Judgment of Forfeiture.

Dated: June 12, 2007            McGREGOR W. SCOTT
                                United States Attorney


                                /s/ Kristin S. Door
                                KRISTIN S. DOOR
                                Assistant Unites States Attorney
                                Attorney for Plaintiff


Dated: June 18, 2007

                                /s/ Glenn H. Wechsler
                                GLENN H. WECHSLER
                                Law Offices of Glenn H. Wechsler
                                Attorneys for Claimant MERS

                                (Original signature retained
                                by plaintiff's attorney)


                                ORDER

This *Amended* Stipulated Expedited Settlement is hereby APPROVED.
Dated:  June 25, 2007

                        _____
                        WILLIAM B. SHUBB
                        UNITED STATES DISTRICT JUDGE