```
 1 | McGREGOR W. SCOTT
   | United States Attorney
 2 | KRISTIN S. DOOR
   | Assistant U.S. Attorneys
 3 | 501 I Street, Suite 10-100
   | Sacramento, California 95814
 4 | Telephone: (916) 554-2723
 5 | Attorneys for Plaintiff
```

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | 2:06-CV-01134-WBS-GGH |
| Plaintiff, ) | FINAL JUDGMENT OF FORFEITURE |
| v. ) | |
| REAL PROPERTY LOCATED AT 604 ) WREN COURT, ROSEVILLE, ) CALIFORNIA, PLACER COUNTY, ) APN:469-070-025, INCLUDING ) ALL APPURTENANCES AND ) IMPROVEMENTS THERETO, ) | |
| Defendant. ) | |
| _____) | |

Pursuant to the Stipulation for Final Judgment of Forfeiture filed here, the Court finds:

1.  This is a civil forfeiture action against certain real property located at 604 Wren Court in Roseville, California, Placer County, APN: 469-070-025, (hereafter referred to as the "defendant real property") and more fully described as:

> LOT 668, AS SHOWN ON THE MAP OF "SIERRA GARDENS, UNIT NO. 14", WHICH MAP WAS FILED IN THE OFFICE OF THE COUNTY RECORDER OF PLACER COUNTY, CALIFORNIA, ON OCTOBER 17, 1974, IN BOOK "K" OF MAPS, AT PAGE 33.
>
> APN: 469-070-025

2.  A Complaint for Forfeiture <u>In</u> <u>Rem</u> was filed on May 24, 2006, seeking the forfeiture of the defendant real property, alleging that said property is subject to forfeiture to the United States of America pursuant to 21 U.S.C. § 881(a)(7).

3.  On June 2, 2006, the defendant real property was posted with a copy of the complaint and notice of complaint.

4.  On June 16, 23, 30 and July 7, 2007, a Public Notice of Posting of the defendant real property appeared by publication in the <u>Auburn Sentinel</u>, a newspaper of general circulation in the county in which the defendant real property is located (Placer County).

5.  In addition to the Public Notice of Posting having been completed, actual notice or attempted notice was acknowledged by the following:

    a.  Robert K. Harris

    b.  MERS

    c.  Countrywide Home Loans, Inc.

6.  Claimant Harris filed a verified claim and answer alleging an ownership and/or a possessory interest in the defendant real property.  Claimant MERS filed a verified claim and answer alleging a first priority security interest in the defendant real property.  Claimant Countrywide filed a verified claim and answer alleging a second priority security interest in the defendant real property.

7.  No other parties have filed claims or answers in this matter and the time for which any person or entity may file a claim and answer has expired.

8.  The United States has entered into a Stipulation for

2

1  Expedited Settlement with MERS and with Countrywide.
2       Based on the above findings, and the Court being otherwise
3  fully advised in the premises, it is hereby
4       ORDERED AND ADJUDGED:
5       1.   The Court adopts the Stipulation for Final Judgment of
6  Forfeiture entered into by and between the parties to this
7  action.
8       2.   The U.S. Marshals Service shall list the defendant real
9  property for sale.  The U.S. Marshals Service shall have sole
10 authority to select the means of sale, including sale by internet
11 or through a licensed real estate broker, and shall have sole
12 authority over the marketing and sale of defendant real property.
13      3.   The U.S. Marshals Service shall have the defendant real
14 property appraised by a licensed appraiser of its choosing.  The
15 U.S. Marshals Service and the appraiser may have access to the
16 defendant real property and structures, buildings, or storage
17 sheds thereon upon 24 hours telephonic notice.
18      4.   If necessary, the U.S. Marshals Service, and any real
19 estate broker employed by the U.S. Marshals Service, shall have
20 the right to put a "lock box" on the property to facilitate the
21 marketing and sale of the property.
22      5.   The following costs, expenses and distributions shall be
23 paid in escrow from the gross sales price in the following
24 priority and to the extent funds are available:
25           (a)  The costs incurred by the U.S. Marshals Service to
26                the date of close of escrow, including the cost of
27                posting, service, advertising, and maintenance.
28           (b)  Any unpaid real property taxes, which shall

|   |   |   |
|---|---|---|
| 1 |     | be prorated as of the date of the entry of |
| 2 |     | the Final Judgment of Forfeiture. |
| 3 | (c) | A real estate commission not to exceed the U.S. |
| 4 |     | Marshals Service contractual brokerage fee. |
| 5 | (d) | The seller shall pay any county transfer taxes. |
| 6 | (e) | To MERS, a sum to satisfy an indebtedness under |
| 7 |     | the Deed of Trust recorded in the official records |
| 8 |     | of Placer County as instrument number 2003-0209723 |
| 9 |     | on December 22, 2003, in the original amount of |
| 10 |    | $236,250.00 plus all unpaid interest at the |
| 11 |    | contractual (not default) rate, plus any advances |
| 12 |    | and costs incurred by MERS up to the date of the |
| 13 |    | payoff of the loan, including, but not limited to |
| 14 |    | any insurance advances, tax advances, and property |
| 15 |    | preservation costs.  As of November 7, 2007, the |
| 16 |    | principal due and owing under the Note was |
| 17 |    | $235,704.84.  As of November 7, 2007, the accrued |
| 18 |    | interest due and owing is $15,296.61.  Attorneys |
| 19 |    | fees in an amount not to exceed $5440.40, and |
| 20 |    | costs in an amount not to exceed $397.85, shall |
| 21 |    | also be paid to MERS.  The exact amount to be paid |
| 22 |    | to MERS shall be determined at time of payment. |
| 23 | (f) | To Countrywide, a sum to satisfy an indebtedness |
| 24 |    | under the Deed of Trust recorded in the official |
| 25 |    | records of Placer County as instrument number |
| 26 |    | 2003-0209733 on December 22, 2003, in the original |
| 27 |    | amount of $67,500.00 plus all unpaid interest at |
| 28 |    | the contractual (not default) rate, plus any |

4

|   |   |   |
|---|---|---|
| | | advances and costs incurred by Countrywide up to the date of the payoff of the loan, including, but not limited to any insurance advances, tax advances, and property preservation costs.  As of September 1, 2007, the principal amount owed to Countrywide pursuant to the Note was $71,697.03.  The accrued interest due and owing from the period of September 1, 2007 through November 21, 2007 is $1,448.89.  The exact amount to be paid to Countrywide shall be determined at time of payment. |
| | (g) | To the United States of America: 80% of the net proceeds from the sale of the defendant real property.  All right, title, and interest in said funds shall be substituted for the real property and forfeited to the United States pursuant to 21 U.S.C. § 881(a)(7), to be disposed of according to law. |
| | (h) | To claimant Robert K. Harris, 20% of the net proceeds from the sale of the real property. |

6.  Any liens or encumbrances against the defendant real property that appear on record subsequent to the recording of plaintiff's <u>lis pendens</u> on May 30, 2006, and prior to the close of escrow may be paid out of escrow.

7.  The costs of a lender's policy of title insurance (ALTA policy) shall be paid for by the buyer.

8.  All loan fees, "points" and other costs of obtaining financing shall be paid for by the buyer of the defendant

property.

9. All parties shall execute the documents necessary to close escrow, if such signatures are required by the title insurer.

10. Claimants Harris, MERS, and Countrywide hereby release plaintiff United States of America and its servants, agents, and employees from any and all liability arising out of or in any way connected with the posting, forfeiture, or sale, of the defendant real property. This is a full and final release applying to all unknown and unanticipated injuries, and/or damages arising out of said posting, forfeiture, or sale, as well as to those now known or disclosed. The claimants waive the provisions of California Civil Code § 1542.

11. Claimant Harris shall maintain the defendant real property in the same condition and repair as existed as of the date of the posting, normal wear and tear excepted, until he has vacated the premises. The term "maintain" shall include, but is not limited to, keeping the property free of hazard and structural defects; keeping all heating, air conditioning, plumbing, electrical, gas, oil, or other power facilities in good working condition and repair; keeping the property clean and performing such necessary sanitation and waste removal; keeping the property in good condition by providing for lawn and yard maintenance; and other ordinary and necessary items of routine maintenance.

12. Until the sale of the defendant real property, claimant Harris shall maintain all insurance policies currently in effect with respect to the property, including policies covering

liability to persons injured on said property and for property damage to the defendant real property. Claimant Harris shall arrange for the inclusion of a rider to all of the above-mentioned policies naming the U.S. Marshals Service as the primary beneficiary of the insurance policy.

13. Until the sale of the defendant real property, or until otherwise required to vacate the property, claimant Harris shall allow the U.S. Marshals Service personnel, or its agent, the right to enter and inspect the property and all buildings thereon on a monthly basis upon 24 hours telephonic notice.

14. Claimant Harris shall not convey, transfer, encumber, lien, or otherwise pledge the defendant real property without the prior, written approval of the United States.

15. Claimant Harris shall vacate the defendant real property on 72 hours notice by the U.S. Marshals Service. Claimant further shall remove all personal possessions, and the personal possessions of any former occupant, including all vehicles, furniture, and trash, and to leave the property clean and in the same state of repair as the property was on the date it was posted. Any and all of claimant's personal possessions, and the personal possessions of any former occupant, not removed within 72 hours will be disposed of by the United States without further notice. Any cost incurred by the United States to evict claimant or for disposal of personal possessions shall be deducted from the payment to claimant Harris as set forth in ¶ 5(h) above.

16. There was reasonable cause for the posting of the defendant real property, and the Court may enter a Certificate of

Reasonable Cause pursuant to 28 U.S.C. § 2465.

17. All parties are to bear their own costs and attorneys' fees, except as provided for herein.

18. The Court shall maintain jurisdiction to enforce the terms of the Final Judgment of Forfeiture.

SO ORDERED THIS 6th day of December, 2007.

_____
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

CERTIFICATE OF REASONABLE CAUSE

Pursuant to the Stipulation for Final Judgment of Forfeiture filed herein, the Court enters this Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465, that there was reasonable cause for the posting of the defendant real property.

Dated: December 6, 2007

_____
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE